UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HENRY EBANKS** | * | CIVIL ACTION NO. _____ |
| | * | |
| **VERSUS** | * | SECTION "\_\_" \_\_\_\_ |
| | * | |
| | * | JUDGE _____ |
| | * | |
| **REEL PIPE, LLC** | * | MAGISTRATE _____ |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DAMAGES UNDER THE JONES ACT, ETC.

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The complaint of Henry Ebanks, a person of majority age, with respect represents:

1.

Made Defendant herein is REEL PIPE, L.L.C., a Louisiana limited liability company, qualified to do and doing business in the state and judicial district at all times.

2.

On or about November 7, 2009, Defendant, REEL PIPE, L.L.C., owned, operated and controlled the M/V JOSHUA CHOUEST, an anchor vessel, and employed Plaintiff, Henry Ebanks, as an engine room oiler on said vessel, for which he earned an average annual earnings of approximately $44,000, plus found and fringe benefits.

3.

On or about November 7, 2009, while the M/V JOSHUA CHOUEST was docked, Plaintiff sustained severe, painful, and disabling injuries to his back, neck and other parts of his

body as a result of the negligence of Defendant, Reel Pipe, L.L.C. and the unseaworthiness of the M/V JOSHUA CHOUEST.  Plaintiff was injured when he slipped and fell off the vessel.  The dock was slippery due to an accumulation of oil and other substances.  Additionally, the vessel lacked adequate slip and fall prevention and warnings.

4.

By reason of the foregoing, Plaintiff has suffered past and future physical and mental pain and suffering, permanent physical scarring and disability and loss of wage earning capacity for which Plaintiff seeks and is entitled to recover from Defendant, compensatory damages in the amount of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS, plus found and fringe benefits.

5.

Plaintiff brings this cause of action against the aforesaid Defendant pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

## AND FOR A SECOND CAUSE OF ACTION

6.

Plaintiff re-avers and re-alleges each and every allegation of fact and law contained herein as if re-pled in their entirety.

7.

As a result of the shipboard injuries described herein which manifested themselves while Plaintiff was in the service of the M/V JOSHUA CHOUEST, Plaintiff has sought reasonable and necessary medical treatment, and is entitled to maintenance at a rate of $47 per day.

8.

The Defendant is aware of Plaintiff's need for medical care for the injury caused by and manifested while Plaintiff was in the service of his vessel, which treatment Plaintiff continues to need, wants and intends to undergo and has also requested that Defendant authorize and pay for his prescribed medical treatment.

9.

Despite Plaintiff's request, the Defendant has arbitrarily, capriciously and without legal cause, failed and/or refused to investigate Plaintiff's claim of entitlement to cure and to authorize pay for his necessary medical treatment and maintenance payments of $47 per day.

10.

As a result of Defendant's negligence, willful, arbitrary and capricious failure to investigate Plaintiff's cure claim, provide prescribed medical treatment for Plaintiff's injuries and pay maintenance benefits, Plaintiff's physical and mental pain and suffering have been aggravated and intensified and his recovery has been prolonged, delayed and impaired.

11.

By reason of the foregoing, Plaintiff seeks, and is entitled to recover from Defendant, all expenses associated with necessary reasonable medical care from November 7, 2009 until he reaches maximum medical cure according to his treating physician, and payment of maintenance at $47 per day during this same time period.

12.

By reason of the foregoing, Plaintiff is further entitled to recover compensatory damages for Defendant's refusal to honor its cure obligation in the amount of TWO HUNDRED FIFTY

THOUSAND AND NO/100 ($250,000.00) DOLLARS, plus reasonable attorney's fees in an amount to be set by this Court because Plaintiff had to retain counsel to pursue this cause of action.

13.

Plaintiff brings this second cause of action against the aforesaid Defendant pursuant to the Jones Act, 46 U.S.C. §30104, et seq.

**WHEREFORE**, Plaintiff, Henry Ebanks, prays for judgment in his favor and against Defendant, Reel Pipe, L.L.C., for past and future maintenance and cure and for compensatory damages in the amount of ONE MILLION TWO HUNDRED FIFTY AND/NO ($1,250,000.00) DOLLARS, plus reasonable attorneys' fees, and for all taxable costs and interest as allowed by law.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana  70130
(504) 588-1500  Tel
(504) 588-1514  Facsimile
sterbcow@lksalaw.com

OF COUNSEL
Matthew D. Shaffer, Esq.
Texas Bar #18085600
Schechter, McElwee, Shaffer, & Harris, L.L.P.
3200 Travis, 3rd Floor
Houston, Texas  77006-3636
(713) 524-3500
(713) 751-0412          Facsimile
mshaffer@smslegal.com

**PLEASE SERVE:**

**REEL PIPE, L.L.C.**
Through their registered agent
Dionne R. Chouest
16201 East Main
Galliano, Louisiana   70354

**WAIVER OF THE SERVICE OF SUMMONS**
**PURSUANT TO FRCP RULE 4**